IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD CHASE MAHER, ) | CASE NO. 7:21cv00143 | |
| Plaintiff, ) | | |
| v.                                     ) | MEMORANDUM OPINION | |
| ) | | |
| BENJAMIN THOMSON, et al., ) | By: | Hon. Thomas T. Cullen |
| Defendants.     ) | | United States District Judge |
| ) | | |

Plaintiff Richard Chase Maher, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials have denied him appropriate mental health treatment. This matter is currently before the court on Defendant Frank Dyer's motion to dismiss; Maher identifies Dyer as the superintendent of the Central Virginia Regional Jail ("CVRJ"). After reviewing the motion and the record, the court concludes that Dyer's motion must be granted and that claims against some other defendants must be summarily dismissed.[1]

## I.   BACKGROUND

Maher arrived at CVRJ as a pretrial detainee on February 2, 2019. He alleges that "tra[u]matic events that [led] to [his] arrest and the stress of [his] pending criminal charges lead to severe mental deterioration" and deterioration of his physical health as well. (Compl. 3 [ECF No. 1].) During his first several months at CVRJ, Maher contends that he wrote multiple requests asking to see a psychiatrist. Each time, Benjamin Thomson (whom Maher describes

---

[1] Maher's § 1983 complaint names as defendants Dyer and other CVRJ employees—Benjamin Thompson (whose filings indicate that his last name should be spelled Thomson); correctional officer "John Doe Mays"; and "CVRJ staff." (Compl. 1-2 [ECF No. 1].) Thomson has filed an answer, and Dyer has filed a motion to dismiss. The court will direct the clerk to correct the docket to reflect the correct spelling of Defendant Thomson's last name. For reasons explained herein, the court concludes that Maher's claims against Mays and CVRJ staff must be summarily dismissed.

as a "Behavioral Counselor") replied that Maher was on the list to see the jail's psychiatrist. (*Id.* at 2.) Maher also saw Behavioral Counselor Thomson at least three times and repeatedly discussed his desire to see the psychiatrist, among other things. Maher asserts that his sessions with Thomson "did not resolve [his] issues," but that Thomson did not arrange for him to see the psychiatrist. (*Id.* at 4.) Maher alleges that during these months, he "suffered a suicide attempt," "picked large holes into [his] neck and lips that now have permanent scars," and lost more than 25 pounds. (*Id.*) He states that he was unable to "focus [his] thoughts" and was severely "anxious," making it hard for him to communicate. (*Id.*)

In early July 2019, Dr. Ottoleni,[2] a medical doctor at CVRJ, allegedly determined that Maher needed psychiatric help because of the adverse effect his mental health was having on his physical condition. Dr. Ottoleni allegedly referred Maher for an appointment that was scheduled for July 10, 2019. That day, Correctional Officer Mays escorted Maher to the medical office, where, Maher says, he found Thomson waiting for him. Thomson allegedly "berated" Maher for "going above him to seek resolve for the mental problems." (*Id.* at 5.) Thomson purportedly stated that he had control over who would see the psychiatrist and when, and "blatantly confessed to denying [Maher] medical care." (*Id.*) Maher "panicked and made a motion to leave, but [Mays] put his arm against the way so [Maher] couldn't leave." (*Id.*) Maher asked Officer Mays to "stop Ben [Thomson's] attack, but he didn't." (*Id.*) Ultimately, Mays escorted Maher to a "solitary cell in booking where [Maher] suffered a major panic attack." (*Id.* at 5-6.) Maher requested an official investigation of the incident by the

---

[2] Although Maher identified this medical provider as Dr. Otolini, Dyer's motion states that the doctor's last name is spelled Ottolini.

Virginia State Police, but the local magistrate and Commonwealth's Attorney refused to prosecute.[3]

In his § 1983 complaint, Maher contends that he was physically and mentally damaged because of the defendants' actions or inactions. As relief, he seeks monetary damages. Dyer filed his motion to dismiss, to which Maher has responded, making the motion ripe for decision.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).[4] The court's inquiry must focus only on "whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it

---

[3] Maher states that a state police investigator wrote a multi-page report about the July 10, 2019 incident and "tried to have the Orange County Commonwealth pursue charges but they refused." (Compl. 6 [ECF No. 1].)

[4] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this Memorandum Opinion unless otherwise noted.

tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A. Defendant Dyer**

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of *respondeat superior* [making an employer automatically liable for wrongful acts of his employee] has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

In his motion to dismiss, Dyer, the jail superintendent, contends, among other things,[5] that the claims against him should be dismissed for failure to state a claim. Specifically, Dyer asserts that, because Maher's complaint does not present facts concerning any action or inaction by Dyer personally in violation of Maher's constitutional rights, he fails to state any actionable claim against this defendant. The court agrees.

As discussed, to hold a defendant liable under § 1983 for a violation of a plaintiff's constitutional rights, that plaintiff must state facts concerning specific actions or inactions by that defendant in violation of his rights. *Vinnedge*, 550 F.2d at 928. Even if Maher can prove that Dyer's subordinates at CVRJ violated Maher's constitutional rights, that fact alone does

---

[5] Because the court concludes that Maher's allegations state no viable § 1983 claim against Dyer, the court need not address Dyer's alternative defenses of sovereign immunity or qualified immunity.

not automatically make Dyer liable to him under § 1983. *Id.* Maher's complaint mentions Dyer only in the heading and in the section describing the defendants. It does not describe any action that Dyer personally undertook—or failed to take—in violation of Maher's rights.

In Maher's verified response in opposition to Dyer's motion, he makes new allegations about Dyer's involvement. But "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Marsh v. Virginia Dep't of Transp.*, No. 6:14-CV-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) (citing other, published cases). Maher has not moved to amend his complaint to raise the additional allegations against Dyer, and the court will not consider them as part of the lawsuit. For the stated reasons, the court will grant Dyer's motion to dismiss.

## B. Defendants Mays and CVRJ Staff

When the clerk's office attempted service of process of Maher's § 1983 complaint by mailing notice of waiver paperwork to CVRJ, two defendants did not respond: John Doe Mays and CVRJ Staff. By order entered May 28, 2021 (ECF No. 16), the court directed Maher to provide the court with sufficient additional information to identify these defendants, either by providing their first names or initials or by providing the dates, times, and locations where the defendants allegedly violated Maher's rights. In response, Maher stated that these defendants were present on July 10, 2019, between 8:00 a.m. and 5:00 p.m. in "CVRJ Booking, Medical Office and CVRJ Booking, Booking Housing cells." (Resp. 1 [ECF No. 18].) While Maher has technically responded to the court's order to provide information in the interest of service of

process, he has not alleged specific facts (in the complaint or the response) establishing a colorable claim that these defendants violated his constitutional rights.

As an initial matter, Maher cannot proceed against CVRJ staff collectively. As discussed, a § 1983 claim may only proceed against a *person* whose actions violated the plaintiff's constitutional rights. The staff, as a group, cannot meet this definition. Furthermore, Maher's complaint does not describe any actions by individual, unnamed staff members related to the events on which he bases his claims. Therefore, the court will summarily dismiss Maher's claims against CVRJ staff, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

Maher also fails to allege facts showing that Defendant Mays violated his constitutional rights. At the most, Maher alleges that Mays escorted him from his cell to the medical office, where the inmate saw Behavioral Counselor Thomson instead of the psychiatrist; Mays prevented Maher from leaving the office after Thomson said things Maher did not like; Mays did not "stop" Thomson's verbal "attack" after Maher asked him to do; and Mays placed Maher in "a solitary cell in booking where [Maher] suffered a major panic attack." (Compl. 5-6 [ECF No. 1].) The court cannot find that any of these alleged actions, as currently pleaded, support a § 1983 claim against Mays.

Of course, the Due Process Clause requires state officials to provide medical care to pretrial detainees like Maher. *Martin v. Gentile*, 849 F.2d 863, 870–71 (4th Cir. 1988). "While the precise scope of this obligation is unclear," it is well established that "a pretrial detainee makes out a due process violation if he shows 'deliberate indifference to serious medical needs'

within the meaning of" the Eighth Amendment legal standard applicable to convicted inmates. *Id.* at 871 (citing *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976)).

The medical-need portion of the Eighth Amendment legal standard is objective and requires facts showing that the inmate's medical condition is "serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The deliberate indifference portion of the constitutional standard is subjective. The plaintiff must show that the defendant knew of and disregarded an excessive risk to inmate safety or health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is not sufficient to show that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk of harm posed by his own action or inaction. *Jackson*, 775 F.3d at 178. In most instances, a jail official with no medical training is entitled to rely on the professional judgment of trained medical personnel to determine the appropriate medical care for an inmate's medical conditions. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Maher does not allege that Mays had any authority or responsibility to provide him an appointment with a psychiatrist instead of with a mental-health counselor or to permit Maher leave the medical office whenever he desired. Moreover, while Maher characterizes Thomson's conversation with him as an "attack,"[6] Mays could rightfully rely on Thomson as a Behavioral

---

[6] In addition, "mere words, however violent," do not amount to an assault or a deprivation of constitutional protections. *Johnson v. Glick*, 481 F.2d 1028, 1033, 1033 n.7 (2d Cir. 1973), *overruled on other grounds by Graham v. Conner*, 490 U.S. 386, 397 (1989); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding allegation of

Counselor to determine the appropriate mental health care appointments for Maher. *Miltier*, 896 F.2d at 854. Finally, Maher states no facts suggesting that Mays was responsible for choosing Maher's cell assignment after the visit with Thomson, or that Mays knew facts indicating any substantial risk of harm to Maher from that cell placement. The court simply cannot find that Maher has alleged facts establishing the necessary elements of a deliberate indifference or due process claim against Mays. Therefore, the court will summarily dismiss without prejudice Maher's attempted claims against this defendant.

### III. CONCLUSION

For the stated reasons, the court will grant Dyer's motion to dismiss, without prejudice. The court will also summarily dismiss Maher's attempted claims against CVRJ staff and John Doe Mays. An appropriate order will issue herewith. This action will continue against the other defendant Maher has named: Ben Thomson.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 23rd day of December, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

verbal abuse by prison staff, without more, does not state constitutional violation) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Nor does the constitution "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds by Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998). An official's verbal harassment or idle threats to an inmate, even if they cause an inmate emotional anxiety, do not constitute an invasion of any identified, constitutionally protected liberty interest. *Id.* Thus, Thomson's verbal statements to Maher, however unwelcome, did not rise to the level of a constitutional violation, nor did Mays's failure to interrupt the conversation constitute any failure to protect Maher from a constitutional violation.